## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC CITIZEN, INC.,<br>    1600 20th Street NW<br>    Washington, DC 20009,<br><br>        Plaintiff,<br><br>    v.<br><br>CONSUMER FINANCIAL<br>PROTECTION BUREAU,<br>    1700 G Street NW<br>    Washington, DC 20552,<br><br>        Defendant. | Civil Action No. 19-96 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This action is brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the Consumer Financial Protection Bureau (CFPB) to produce records responsive to two FOIA requests.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B). Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

3.      Plaintiff Public Citizen, Inc. is a non-profit public-interest organization with members in all 50 states. Since its founding in 1971, Public Citizen has worked before Congress, regulatory agencies, and the courts to advance the interests of its members and to educate the public on a wide range of consumer protection issues. In particular, Public Citizen works to promote openness in government and collects and disseminates information related to

governmental actions and practices. Public Citizen submitted the FOIA requests at issue in this action.

4.      Defendant CFPB is an agency of the United States and has possession of and control over the records that Public Citizen seeks.

## STATEMENT OF FACTS

**May 2018 FOIA Request (CFPB-2018-536-F)**

5.      On May 8, 2018, Public Citizen submitted a FOIA request to CFPB for certain records related to a CFPB final rule known as the Payday Rule. *See* 82 Fed. Reg. 54,472 (Nov. 17, 2017). Specifically, the request sought:

> a)   any communication regarding the Payday Rule, including any litigation related to that rule, that was to, from, or including the Consumer Service Alliance of Texas (CSAT), CSAT employees, and/or attorneys or other representatives of CSAT; and

> b)   any records concerning meetings regarding the Payday Rule, including any litigation related to that rule, with CSAT, CSAT employees, and/or attorneys or other representatives of CSAT.

The request specified that it sought records created, updated, or received between February 1, 2018, and the date of processing of the request.

6.      In its May 2018 FOIA request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use.

7.      On May 8, 2018, CFPB acknowledged Public Citizen's request and assigned it number CFPB-2018-536-F.

8.      In its May 8 acknowledgement, CFPB determined that Public Citizen was a non-commercial requester, but stated that its fee waiver request would "be held in abeyance pending the quantification of responsive records." CFPB also stated that it was construing Public Citizen's request as an agreement to pay up to $25.00 in fees associated with the request.

9.      The following day, Public Citizen emailed CFPB a letter clarifying that Public Citizen had requested a full waiver of fees and explaining that CFPB cannot base its fee waiver determination on the identification of responsive records.

10.      On July 18, 2018, CFPB informed Public Citizen that the agency had "completed the collection of potentially responsive documents," and "estimate[d] that a response [would] be ready in 3-4 months."

11.      Between November 2018 and January 2019, Public Citizen contacted CFPB several times, seeking an update on the agency's estimated date of completion for the May 2018 request. CFPB did not respond and has not provided Public Citizen any further update regarding the request.

12.      More than 20 working days have passed since CFPB received Public Citizen's May 2018 FOIA request, and CFPB has not made a determination on the substance of the FOIA request, produced any records in response to the request, or made a decision on the fee waiver request.

13.      Public Citizen has exhausted all administrative remedies with respect to its May 2018 FOIA request.

**June 2018 FOIA Request (BCFP-2018-646-FOIA)**

14.      On June 28, 2018, Public Citizen submitted a FOIA request to CFPB for certain other records related to the CFPB Payday Rule. Specifically, the request sought:

a) any communication regarding the Payday Rule, including those regarding any litigation related to that rule, that is to, from, or including the Community Financial Services Association of America (CFSA), CSAT, or any employees of, attorneys for, and/or other representatives of CFSA or CSAT, and

b) any records concerning meetings regarding the Payday Rule, including those regarding any litigation related to that rule, with CFSA, CSAT, or employees of, attorneys for, and/or other representatives of CFSA or CSAT.

The request specified that it sought records that were created, updated, or received between April 15, 2018, and the date of processing of the request.

15. In its June 2018 FOIA request, Public Citizen sought a full waiver of fees and explained in support that disclosure of the requested information would be in the public interest and not for commercial use.

16. On June 29, 2018, CFPB acknowledged Public Citizen's request and assigned it number BCFP-2018-646-FOIA.

17. In its June 29 acknowledgment, CFPB determined that Public Citizen was a non-commercial requester, but stated that its fee waiver request would "be held in abeyance pending the quantification of responsive records." CFPB also stated that it was construing Public Citizen's request as an agreement to pay up to $25.00 in fees associated with the request.

18. On July 5, 2018, Public Citizen emailed a letter to CFPB clarifying that Public Citizen had requested a full waiver of fees and explaining that CFPB cannot base its fee waiver determination on the identification of responsive records.

19. On July 17, 2018, CFPB estimated that it would respond to Public Citizen's request in 6-8 months.

20.     More than 20 working days have passed since CFPB received Public Citizen's June 2018 FOIA request, and CFPB has not made a determination on the substance of the FOIA request, produced any records in response to the request, or made a decision on the fee waiver request.

21.     Public Citizen has exhausted all administrative remedies with respect to its June 2018 FOIA request.

## FIRST CAUSE OF ACTION

22.     Public Citizen has a right under FOIA to the records requested in its May 2018 FOIA request, number CFPB-2018-536-F, and to a public interest fee waiver.

23.     There is no legal basis for CFPB's failure to disclose the requested records.

## SECOND CAUSE OF ACTION

24.     Public Citizen has a statutory right under FOIA to the records requested in its June 2018 FOIA request, number BCFP-2018-646-FOIA, and to a public interest fee waiver.

25.     There is no legal basis for CFPB's failure to disclose the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Public Citizen requests that this Court:

(1) Declare that CFPB's withholding of the requested records is unlawful;

(2) Order CFPB to make the requested records available to Public Citizen at no cost and without delay;

(3) Award Public Citizen its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as this Court may deem just and proper.

Dated: January 17, 2019                     Respectfully submitted,

                                            /s/ Rebecca Smullin
                                            Rebecca Smullin (D.C. Bar No. 1017451)
                                            Micah Bluming (Cal. Bar No. 314273)[*]
                                            Public Citizen Litigation Group
                                            1600 20th Street NW
                                            Washington, DC 20009
                                            (202) 588-1000
                                            rsmullin@citizen.org

---

[*] Active member in good standing of the State Bar of California and the Supreme Court of California, authorized to practice under the direct supervision of Rebecca Smullin pursuant to D.C. Court of Appeals Rule 49(c)(8) during the pendency of first application to the District of Columbia Bar submitted within 90 days of commencing practice in the District of Columbia.